UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

HENRY WILSON,

                Plaintiff,

          -against-

THE CITY OF NEW YORK, P.O. ERIC SALISBURY, Shield No. 024117, Individually and in his Official Capacity, P.O. REGINALD SMITH, Shield No. 4968, Individually and in his Official Capacity, SGT. SCOTT BURTON, Shield No. 728, Individually and in his Official Capacity, and P.O.s "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------------X

**AMENDED COMPLAINT**
**14 CV 9862 (RA)**

**JURY TRIAL DEMANDED**

**ECF CASE**

       Plaintiff HENRY WILSON, by his attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows that:

## PRELIMINARY STATEMENT

       1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4.     Venue is properly laid in the Southern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff HENRY WILSON is an African American male and has been at all relevant times a resident of New York County in the City and State of New York.

7.     Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

9.     At all times hereinafter mentioned P.O. ERIC SALISBURY, P.O. REGINALD SMITH, SGT. SCOTT BURTON, and P.O.s JOHN DOE #1-10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

- 2 -

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

13.     On or about June 26, 2012, at approximately 5:15 p.m. in the County of Bronx, City, and State of New York, the plaintiff, HENRY WILSON, was lawfully present in the vicinity of 311 East 193rd St. Bronx, NY.

14.     At the aforesaid time and place, defendants approached plaintiff, forcibly threw him to the ground, pepper sprayed him in the eyes, and caused physical injuries to his person.

15.      Defendants then handcuffed plaintiff's arms tightly behind his back, causing bruising and numbness to his wrists and hands.

16.     Thereafter, defendants charged plaintiff with Resisting Arrest, Obstructing Governmental Administration, and Disorderly Conduct.

17.     At no time on June 26, 2012, did the plaintiff obstruct government administration, resist arrest, act in a disorderly manner, or behave unlawfully in any way.

18.     At no time on June 26, 2012, did defendants possess reasonable suspicion to stop, question, and/or frisk plaintiff.

19.     At no time on June 26, 2012, did defendants possess probable cause to arrest plaintiff.

20.     At no time on June 26, 2012, did defendants possess information that would lead a reasonable officer to believe probable cause existed to arrest plaintiff.

21.     Thereafter, defendants transported plaintiff to a nearby police precinct and confined him in a holding cell without his consent.

22.     In connection with the plaintiff's arrest, defendants filled out false and/or misleading police reports and forwarded them to prosecutors at the Bronx County District Attorney's Office – namely, the defendants falsely informed prosecutors that plaintiff peered into the windows of several vehicles, prevented the defendants from completing their official duties and prevented pedestrians from walking on the sidewalk as a result of plaintiff's actions. Defendants also falsely claimed that upon arresting plaintiff, he proceeded to move his arms away from the arresting officer, kicked the arresting officer, and refused to be handcuffed.

23.     Thereafter, defendants repeatedly gave the aforementioned false and misleading statements regarding the facts and circumstances of the plaintiff's arrest to prosecutors.

24.     Further, on or about June 27, 2012 defendant P.O. ERIC SALISBURY signed a sworn criminal complaint, thereby initiating the prosecution on two (2) counts of Obstruction of Governmental Administration ("OGA"), one (1) count of Resisting Arrest, and Disorderly Conduct.

25.     During the course of the prosecution, on or about April 24, 2013, the Honourable Linda Poust Lopez dismissed both counts of Obstruction of Governmental Administration, finding that the allegations made by defendants were insufficient to support either count as a matter of law.[1]

---

[1] In that same decision Judge Poust Lopez also found that plaintiff was not engaged in any criminal activity when he was approached by defendant P.O. ERIC SALISBURY.

26.     As a result of his unlawful arrest and prosecution, the plaintiff spent approximately twenty-four (24) hours in police custody and approximately ten (10) months making court appearances before the two (2) counts of OGA were dismissed on April 24, 2013, and additional nine (9) months making even more court appearances before the remaining charges against him were adjourned in contemplation of dismissal on February 5, 2014.

27.     As a result of his unlawful arrest, the plaintiff missed numerous days of work.

28.     As a result of the foregoing, the plaintiff sustained, *inter alia*, loss of liberty, mental anguish, shock, fright, apprehension, embarrassment, humiliation, physical injury, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U.S.C. § 1983**

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

31.     All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices,

procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

34.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

35.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "34" with the same force and effect as if fully set forth herein.

36.     As a result of the aforesaid conduct by defendants, plaintiff was subjected to illegal, improper and false arrest by the defendants, taken into custody, and caused to be falsely imprisoned, detained, illegally searched and confined, without any probable cause, privilege or consent.

37.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**MALICIOUS PROSECUTION UNDER 42 U.S.C. § 1983**

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendants misrepresented and falsified evidence before the Bronx County District Attorney.

40.     Defendants did not make a complete and full statement of facts to the District Attorney.

41.     Defendants withheld exculpatory evidence from the District Attorney.

42.     Defendants were directly and actively involved in the initiation of criminal proceedings against plaintiff.

43.     Defendants lacked probable cause to initiate criminal proceedings against plaintiff.

44.     Defendants acted with malice in initiating criminal proceedings against plaintiff.

45.     Defendants were directly and actively involved in the continuation of criminal proceedings against plaintiff.

46.     Defendants lacked probable cause to continue criminal proceedings against plaintiff.

47.     Defendants acted with malice in continuing criminal proceedings against plaintiff.

48.     Defendants misrepresented and falsified evidence throughout all phases of the criminal proceedings.

49.     Specifically, the defendants falsely informed prosecutors that plaintiff peered into the windows of several vehicles, prevented the defendants from completing their official duties and prevented pedestrians from walking on the sidewalk as a result of plaintiff's actions. Defendants also falsely claimed that upon arresting plaintiff, he proceeded to move his arms away from the arresting officer, kicked the arresting officer, and refused to be handcuffed.

50.     Notwithstanding the perjurious and fraudulent conduct of defendants, the criminal court terminated the Obstruction of Governmental Administration counts in plaintiff's favor on or about April 24, 2013 when those charges against him were dismissed by Judge Linda Poust Lopez's Decision and Order.

51.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF CONSTITUTIONAL RIGHT TO FAIR TRIAL**
**UNDER 42 U.S.C. § 1983**

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53.     Defendants created false evidence against the plaintiff.

54.     Defendants forwarded false evidence and false information to prosecutors in the Bronx County District Attorney's office – namely, the defendants falsely informed prosecutors that plaintiff peered into the windows of several vehicles, prevented the defendants from completing their official duties and prevented pedestrians from walking on the sidewalk as a result of plaintiff's actions. Defendants also falsely claimed that upon arresting plaintiff, he proceeded to move his arms away from the arresting officer, kicked the arresting officer, and refused to be handcuffed.

55.     Defendants misled the prosecutors by creating false evidence against the plaintiff and thereafter providing the aforementioned false statements throughout the criminal proceedings.

56.     In creating false evidence against the plaintiff, in forwarding false evidence and information to prosecutors, and in providing false and misleading sworn statements, defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment and the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

57.     As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints without probable cause.

## FIFTH CLAIM FOR RELIEF
### UNLAWFUL SEARCH AND SEIZURE UNDER 42 U.S.C. § 1983

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59.     As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly seized and searched without consent, a valid warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

## SIXTH CLAIM FOR RELIEF
### EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

60.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61.     The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of the plaintiff.

62.     As a result of the foregoing, plaintiff sustained, inter alia, bodily injuries including, but not limited to, injuries to his elbow, knee, leg, back, and wrists.

## SEVENTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

63.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64.     The defendants had an affirmative duty to intercede when plaintiff's constitutional rights were being violated in defendants' presence by the use of excessive force.

65.     Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

66.     As a result of the defendants' failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained, *inter alia*, physical and emotional injuries.

**EIGHTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

67.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, the following unconstitutional practices:

    i.    arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and

    ii.    arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and

    iii.    fabricating evidence in connection with their prosecution in order to cover up police misconduct; and

    iv.    utilizing excessive force in effectuating arrests.

70.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of the plaintiff.

71.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by the plaintiff as alleged herein.

72.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by the plaintiff as alleged herein.

73.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the plaintiff's constitutional rights.

74.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of the plaintiff's constitutional rights.

75.     The acts complained of deprived the plaintiff of his right:

   a.     Not to be deprived of liberty without due process of law;

   b.     To be free from seizure and arrest not based upon probable cause;

   c.     Not to have summary punishment imposed upon him; and

   d.     To receive equal protection under the law.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

   i.    an order awarding compensatory damages in an amount to be determined at trial;

   ii.   an order awarding punitive damages in an amount to be determined at trial;

   iii.  reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

   iv.   directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       April 29, 2015

                                   BY:    _____/S_____
                                          JOSHUA FITCH
                                          GERALD COHEN
                                          COHEN & FITCH LLP
                                          *Attorneys for Plaintiff*
                                          233 Broadway, Suite 1800
                                          New York, N.Y. 10273
                                          (212) 374-9115
                                          jfitch@cohenfitch.com
                                          gcohen@cohenfitch.com